IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIKEAL LEE THOMAS,**  Petitioner | ) ) ) |
| vs. | ) C.A. No. 09-56 Erie ) ) Magistrate Judge Baxter |
| **UNITED STATES OF AMERICA,**  Respondent. | ) ) ) |

**OPINION AND ORDER**

Magistrate Judge Susan Paradise Baxter.

**I.     INTRODUCTION**

Petitioner Mikeal Lee Thomas, a federal prisoner formerly incarcerated at the United States Penitentiary at Hazelton ("USP-Hazelton") in Preston County, West Virginia, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction and sentence.[1]

On September 5, 2001, following a guilty plea, the United States District Court for the Western District of Pennsylvania sentenced Petitioner to a term of 71 months' imprisonment for the Use of a Dangerous Weapon in Connection with a Bank Robbery in violation of 18 U.S.C. § 2113(d), and a term of 84 months' imprisonment for Use of a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1). The sentences were ordered to be served consecutively and are to be followed by five years of supervised release. (See Document # 13, Response to Petition, Exhibit 1).

Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241 on March 12, 2009, arguing that his firearms conviction under 18 U.S.C. § 924(c)(1) is invalid and should be vacated because: (i) as a first time offender, he should have only been sentenced to a maximum term of five years imprisonment; and (ii) the imposition of a term of supervised release violated

---

[1] Petitioner is presently incarcerated at the United States Penitentiary at Florence, Colorado ("USP-Florence").

the section's prohibition of any parole or probation. The instant petition was filed by Petitioner while he was incarcerated at USP-Hazelton. Petitioner was subsequently transferred to USP-Florence on or about March 23, 2009. (See Document # 13, Response to Petition, Exhibit 2). Assuming that he receives all good conduct time available, Petitioner's projected release date is December 12, 2012. (Id.).

On June 10, 2009, Respondent filed a response seeking dismissal of Petitioner's habeas petition for lack of personal and/or subject matter jurisdiction. [Document # 13]. Two days later, Petitioner filed a motion for summary judgment [Document # 14] seeking the entry of an order granting the relief he requests, as a matter of law. This matter is now ripe for consideration.

### B.  Claims Generally Cognizable in Federal Habeas Corpus Proceedings

A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir.

1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court. Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). A habeas corpus petition pursuant to § 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Id., quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000).

Because Petitioner's claims challenge the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not the appropriate vehicle. When a petitioner attempts to seek relief from the imposition of sentence under 28 U.S.C. § 2241, the habeas petition is usually dismissed for lack of subject matter jurisdiction.

Here, Petitioner was convicted and sentenced by District Judge Sean J. McLaughlin in the United States District Court for the Western District of Pennsylvania. Thus, under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court. See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court). This petition represents a collateral attack upon the legality of the sentence as imposed by District Judge McLaughlin. Such an attack is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court.

### C. The Savings Clause of 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part:

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief,

> *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner seeks to have this Court bestow upon him the benefit of § 2255's savings clause. (See Document # 15, Reply to Response, at pp. 2, 5-8). The Third Circuit has held that a § 2241 petition may (in limited situations) provide an avenue of relief to federal prisoners in accordance with the savings clause provision of § 2255. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In Dorsainvil, this Circuit used the "savings clause" to carve a limited exception to the general proposition that a challenge to a conviction and imposition of sentence by a federal prisoner must be brought only as a § 2255 claim. Id. Importantly, however, Dorsainvil stands for the proposition that resort to § 2241 habeas corpus relief is warranted under the "unusual circumstances" presented there. The court stated that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same complete miscarriage of justice when the AEDPA amendment to § 2255 makes that collateral remedy unavailable." Dorsainvil, 119 F.3d at 251.

The Third Circuit went on to caution:

> we do not suggest that § 2255 would be inadequate or ineffective so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position -- **that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively** -- is hardly likely to undermine the gatekeeping provisions of § 2255.

Id. at 251. The court further cautioned that the "holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one." Id.

The Third Circuit further expounded on the relationship between its Dorsainvil decision

4

and the savings clause in Cradle v. United States of America, 290 F.3d 536 (3d Cir. 2002), as follows:

> A § 2255 motion is inadequate or ineffective **only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.** *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.* The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

290 F.3d at 538-39 (emphasis added).

Here, Petitioner argues that § 2255 is inadequate and ineffective to challenge the legality of his sentence related to his conviction under 18 U.S.C. § 924(c)(1), because that sentence has allegedly expired. (Document # 15, Reply to Response, at p. 5). However, nothing prevented Petitioner from filing petition pursuant to § 2255 prior to the alleged expiration of the challenged sentence. Thus, this does not fall within the "uncommon situation" of an inmate who has had no earlier opportunity to challenge his conviction or sentence for a crime that an intervening change in substantive law negated or lessened. See Dorsainvil, 119 F.3d at 251. In addition, Petitioner claims that he had "no access to federal law books" at either the Erie County Jail or the Warren County Jail, where he was confined "well past" the one year immediately following his judgment of sentence, and, thus, he was unable to file a timely petition under § 2255. (Id. at pp. 7-8). This argument is unavailing as well, as "it is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538. Moreover, Section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. Id. Thus, Petitioner's habeas petition must be dismissed for lack of subject matter jurisdiction.[2]

---

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the

  An appropriate Order follows.

---

applicant has made a substantial showing of the denial of a constitutional right." However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIKEAL LEE THOMAS,** ) | |
|     Petitioner ) | |
| ) | C.A. No. 09-56 Erie |
| vs. ) | |
| ) | Magistrate Judge Baxter |
| **UNITED STATES OF AMERICA,** ) | |
|     Respondent. ) | |

## **ORDER**

AND NOW, this 24th day of February, 2010,

IT IS HEREBY ORDERED that Petitioners' Motion for Summary Judgment [Document # 14] is DENIED, and that the instant habeas corpus petition is DISMISSED for this Court's lack of subject matter jurisdiction. The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge